United States District Court
Southern District of Texas

**ENTERED**

January 26, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRICKEY JUAN MANUEL, SR., <br> (TDCJ-CID #02026549) <br><br> Plaintiff, <br><br> vs. <br><br> PAULA KAYE JONES MANUEL, <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-16-0080 |

## MEMORANDUM AND OPINION

Brickey Juan Manuel, Sr., an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued Paula Kaye Jones Manuel, his wife, in January 2016, alleging a denial of due process. Manuel is representing himself and proceeding *in forma pauperis*, without prepaying the entire filing fee.

Federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must dismiss any part of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Manuel states that he and Paula Kaye Jones Manuel were married on September 16, 1992 and separated in 2014. In 2001, Manuel and his wife ran a business called "Angels Express." Manuel states that because he is unable to file for a divorce, he filed this suit to recover his share of the community property.

The suit cannot proceed. Manuel has no civil rights claim against his wife, a private person who does not work for the government. Claims for damages for civil and constitutional rights violations must proceed under 42 U.S.C. § 1983, which requires government or state action. The conduct of a private person like Manuel's wife is not state action under 42 U.S.C. § 1983. *See Briscoe v. LaHue,* 460 U.S. 325, 329 (1983).

This court has no jurisdiction over Manuel's suit against Paula Kaye Jones Manuel. The suit is dismissed under 28 U.S.C. § 1915A(b)(1). The motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted, and any remaining motions are denied as moot.

SIGNED on January 25, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge